**Tejinder SINGH, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 03–4413–AG NAC.**

United States Court of Appeals, Second Circuit.

Oct. 24, 2005.

Parker Waggaman, New York, New York, for Petitioner.

Todd P. Graves, United States Attorney; Lucinda S. Woolery, Assistant United States Attorney, Kansas City, Missouri, for Respondent.

Present: MESKILL, SACK and SOTOMAYOR, Circuit Judges.

**UPON DUE CONSIDERATION** of this petition for review of the order of the Board of Immigration Appeals ("BIA"), **IT**

**IS HEREBY ORDERED, ADJUDGED AND DECREED** that the petition for review is **DENIED.**

Petitioner Tejinder Singh petitions for review of the June 2003 order of the BIA affirming the decision of the Immigration Judge ("IJ") to deny his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Familiarity with the facts and the procedural history of the case is assumed. Because the BIA summarily affirmed the decision of the IJ, this Court reviews the IJ's decision directly. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir. 2005). Credibility determinations are given "the same deference on review as other factual determinations," but the BIA must give "specific, cogent" reasons for rejecting testimony on credibility grounds. *Ramsameachire v. Ashcroft,* 357 F.3d 169, 177–78 (2d Cir.2004). This Court will reverse the BIA's credibility finding if it is "based upon speculation or upon an incorrect analysis of the testimony." *Id.* at 178. However, "[t]o warrant reversal of the BIA's decision, [the petitioner] must demonstrate that a reasonable fact-finder would be compelled to credit his testimony." *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003).

The IJ gave specific, cogent reasons for his finding that the petitioner lacked credibility, including the citation of particular implausibilities in petitioner's testimony and inconsistencies between petitioner's testimony and the documentation offered in support of petitioner's applications. Of particular significance is Singh's use of an altered photograph and his failure to adequately explain his appearance in his passport photograph and the photographs attached to his asylum application. In light of these inconsistencies, it was reasonable for the IJ to expect Singh to produce available corroborating evidence, which was not presented. Accordingly, reversal of the BIA's order affirming the IJ's decision is not warranted.

For the foregoing reasons, the petition for review is hereby DENIED.